The STATE OF WYOMING and Gulf Oil Corporation, a corporation, Plaintiffs,

v.

Stewart L. UDALL, individually and as Secretary of the Interior, Ed Pierson, individually and as Supervisor for the State of Wyoming, Bureau of Land Management, Department of the Interior, and David B. Morgan, Acting Manager, Oil & Gas, Cheyenne, Wyoming Land Office, Bureau of Land Management, Department of the Interior, Defendants.

Union Pacific Railroad Company, a corporation, Intervenor.

Civ. No. 4913.

United States District Court
D. Wyoming.

June 30, 1966.

As Amended July 12, 1966.

John F. Raper, Atty. Gen. of Wyoming, Cheyenne, Wyo., for plaintiff State of Wyoming.

McClintock, Mai & Urbigkit, Cheyenne, Wyo., Roger Allen, Oklahoma City, Okl., for plaintiff Gulf Oil Corp.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for defendants.

Loomis, Lazear, Wilson & Pickett, Cheyenne, Wyo., J. H. Anderson and F. J. Melia, Omaha, Neb., for intervenor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KERR, District Judge.

The above entitled matter having come on regularly before the Court, John F. Raper, Attorney General of the State of Wyoming, and Dean Borthwick, Deputy Attorney General, appearing as counsel for the State of Wyoming, and A. G. McClintock and Roger Allen appearing as counsel for plaintiff Gulf Oil Corporation, Robert N. Chaffin, United States Attorney for Wyoming, and Thomas L. McKevitt, Attorney, Department of Justice, Washington, D. C., appearing as counsel for defendants, and F. J. Melia, J. H. Anderson, E. T. Lazear, and Frederick G. Loomis appearing as counsel for

Union Pacific Railroad Company, Intervenor, the Court heard the arguments of counsel; and having taken the matter under advisement, carefully examined the record on file herein, including the Stipulation of Facts to which all the parties agreed, and their exhibits on file herein, and the memorandum briefs submitted by all counsel, and being fully advised in the premises, the Court does hereby make the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT.

1. This is a civil action in which plaintiffs seek a judicial review of the order and ruling of the Secretary of Interior acting through his authorized delegate, the Solicitor, in decision of the Solicitor dated February 16, 1965 (72 I.D. 76), in Wyoming 0105263 and 085043, and a declaration that said order and ruling are null and void; and plaintiffs seek also a declaratory judgment that the State of Wyoming is the owner of all the oil and gas underlying the right of way of Union Pacific Railroad Company in Section 16, Township 18 North, and Section 36, Township 19 North, Range 99 West, 6th P.M., Wyoming, and a declaratory judgment that the Secretary of Interior, acting through his authorized delegate, the Assistant Manager, Oil & Gas, of the Cheyenne, Wyoming Office of the Bureau of Land Management, had and have no power or authority to issue oil and gas leases covering the oil and gas underlying such right of way pursuant to the Act of May 21, 1930 (46 Stat. 373, 30 U.S.C. §§ 301–306), or any other federal act. Plaintiffs seek also an order enjoining Stewart L. Udall, the Secretary of the Interior, Ed Pierson, Supervisor for the State of Wyoming, Bureau of Land Management, and David B. Morgan, Assistant Manager, Oil and Gas, Cheyenne, Wyoming Office of the Bureau of Land Management, from taking any further action to invite, receive, or act upon bids under the Act of May 21, 1930, or any other federal act, for the issuance of oil and gas leases covering the oil and gas underlying such right of way.

2. Gulf Oil Corporation, hereinafter referred to as Gulf, is a corporation duly organized and existing under the laws of the State of Pennsylvania. Its principal office is in the city of Pittsburgh, Pennsylvania. It has and is now qualified to do business in the State of Wyoming.

3. Defendant Stewart L. Udall is a resident of the District of Columbia and is the duly appointed, qualified and acting Secretary of the Interior of the United States of America. Defendants Ed Pierson and David B. Morgan, hereinafter referred to as Pierson and Morgan, are each citizens of the State of Wyoming, Pierson being the duly appointed, qualified and acting Supervisor and Morgan being the duly appointed, qualified and acting Assistant Manager, Oil and Gas, of the Cheyenne, Wyoming Land Office of the Bureau of Land Management, Department of the Interior.

4. Intervenor, Union Pacific Railroad Company, hereinafter referred to as Union Pacific, is a corporation organized and existing under the laws of the State of Utah. Its principal place of business is in the city of Omaha, Nebraska. It has qualified to do business in the State of Wyoming, and is now engaged in the ownership and operation of a railroad in Wyoming which traverses the land involved in this action.

5. The question involved herein is whether the Secretary of the Interior has authority to dispose of oil and gas deposits in the Union Pacific right of way under the Act of May 21, 1930 (46 Stat. 373), as property of the United States, or whether the Secretary lacks such authority because the minerals retained by the United States under the railroad grant subsequently passed to the State of Wyoming under the Act of July 10, 1890 (26 Stat. 222), granting school land to the State. Exclusive of interest and costs, the value of oil and gas rights underlying the land in question is in excess of Ten Thousand Dollars ($10,000.-00).

6. By the Act of July 1, 1862 (12 Stat. 489), as amended by the Act of July 2, 1864 (13 Stat. 356), the United States granted to a predecessor in title of the Union Pacific a right of way 400 feet in width through the public lands of the United States for the construction of a railroad and telegraph line. Union Pacific succeeded to the rights of the original grantee under said Acts and it and its predecessors have complied in all respects with the provisions of the said Acts, and a predecessor of Union Pacific constructed a railroad and telegraph line on said right of way. Union Pacific, or a predecessor thereof, is now and has been at all times pertinent hereto using the right of way for the purposes set forth in said Acts. No portion of the right of way involved in this action has been abandoned.

7. The survey of Township 18 North, Range 99 West, 6th P.M., duly approved by the Surveyor General, was filed in the Cheyenne Land Office effective as of September 8, 1877, and the survey of Township 19 North, Range 99 West, 6th P.M., duly approved by the Surveyor General, was filed in the Cheyenne Land Office effective as of December 20, 1884, and each purports to show the center line of Union Pacific's railroad as actually constructed by a predecessor under the Acts of July 1, 1862, and July 2, 1864, prior to 1877 but no earlier than 1868, traversing a part of Sections 16 and 36 involved herein. At the time of approval of the surveys referred to above and upon adoption of the Act of July 10, 1890 (26 Stat. 222), admitting the Territory of Wyoming to Statehood, Sections 16 and 36 involved herein were not known to be mineral in character.

8. By the Act of July 10, 1890 (26 Stat. 222), the United States granted to the State of Wyoming sections numbered 16 and 36 in every township of Wyoming for the support of the common schools, or equivalent lands in lieu thereof where Sections 16 and 36 or any parts thereof had been sold or otherwise disposed of by or under the authority of any Act of Congress. All mineral lands were exempted from said grants, and the state was authorized to select unappropriated lands in lieu of any sections 16 and 36 or parts thereof found by the Department of the Interior to be mineral lands.

9. No in lieu selection pursuant to Section 4 of the Act of July 10, 1890, and Section 2275 of the Revised Statutes (43 U.S.C. § 851) has ever been made by the State of Wyoming for land equivalent to the land occupied by Union Pacific as its right of way under the foregoing Acts.

10. The State of Wyoming executed and delivered to the United States a deed dated May 31, 1938, covering all of Section 16, and a deed dated April 15, 1950, covering the NE¼, NE¼SW¼, SW¼SW¼, and NE¼SE¼ of Section 36, reserving however to the State of Wyoming, its successors and assigns, all minerals, including coal, oil and gas, and any mineral of any other character and mineral rights in and to said premises and the right of ingress and egress to said premises and the use of so much of the surface thereof as may be necessary to prospect for, develop and remove such minerals, or any part thereof.

11. The State of Wyoming, acting by and through its duly authorized Board of Land Commissioners, issued oil and gas lease bearing Serial No. O–13548, under date of October 2, 1952, to Raymond Chorney, which lease described all of Section 36, Township 19 North, Range 99 West, 6th P.M., except 14.7 acres conveyed to Union Pacific as aforesaid. By Assignment dated June 24, 1953, Raymond Chorney assigned such leasehold estate to Gulf, who now holds the same.

12. The oil and gas lease issued by the State of Wyoming under Serial O–13547 under date of October 2, 1952, describing, among other lands, all of Section 16, Township 18 North, Range 99 West, 6th P.M., was subsequently assigned to Gulf, and has expired since the initiation of the proceedings hereinafter referred to. Gulf does not now assert any right, title or interest in and to the

oil, gas or kindred hydrocarbons under any portion of said Section 16.

13. By application dated March 24, 1960, Union Pacific, pursuant to the Act of May 21, 1930 (46 Stat. 373), applied to the Manager, Cheyenne Land Office, Bureau of Land Management, for an oil and gas lease covering, among other land, the railroad right of way lands in Section 16 and by like application dated May 3, 1960, applied for a lease covering Section 36. Said applications resulted in the decisions of the Land Office dated September 7, 1960, and December 29, 1960, inviting royalty bids from Union Pacific as the owner of the right of way and compensatory royalty bids from Gulf as the owner of the oil and gas leases adjoining the right of way within Sections 16 and 36.

14. Gulf appealed the foregoing decisions of September 7, 1960 and December 29, 1960 to the Director, Bureau of Land Management. By decisions dated May 1 and June 12, 1962 (Wyoming 0105263 and 085043), the Director held that whatever rights the United States possessed in the rights of way in question vested in the State of Wyoming upon its admission to the Union and accordingly held the invitations to bid to have been improper and reversed and remanded each of the decisions. Union Pacific appealed each of the decisions of the Director to the Secretary of the Interior, who consolidated the same. By Solicitor's opinion dated February 16, 1965 (72 I.D. 76), entered in the consolidated cases, the Director's decisions were reversed and it was held that title to oil and gas deposits underlying Union Pacific's right of way was vested in the United States and the cases were remanded for further proceedings consistent with such ownership by the United States. The State of Wyoming was not a party to any of the foregoing proceedings in the Department of the Interior. Plaintiff Gulf has exhausted all of its administrative remedies with respect to the issues involved in the Solicitor's Opinion dated February 16, 1965.

15. Plaintiffs instituted this action on May 17, 1965, and thereafter on May 26, 1965, defendant Morgan as Acting Manager, Oil and Gas, Cheyenne Land Office, Bureau of Land Management, issued United States Oil and Gas Lease Serial No. Wyoming 0105263 to Union Pacific, describing its right of way acquired pursuant to the Acts of July 1, 1862 and July 2, 1864 within the E½ and SW¼ of Section 36. Gulf has appealed the decision and action of May 26, 1965, on the ground that the lease issued thereby was issued contrary to the Act of May 21, 1930. Such appeal does not involve and will not further adjudicate, within the Department of the Interior, the question of ownership of oil, gas and other kindred hydrocarbons underlying Union Pacific's right of way.

## CONCLUSIONS OF LAW.

1. The Court has jurisdiction of the parties and subject matter of this action brought pursuant to 5 U.S.C. Section 1009, and 28 U.S.C. Section 2201.

2. By the Acts of July 1, 1862, as amended by the Act of July 2, 1864 (12 Stat. 489, 13 Stat. 356), the United States granted to Union Pacific Company's predecessor a right of way through public lands for the construction of the railroad and telegraph line. Said grant did not convey to Union Pacific the title to oil and gas deposits underlying the right of way, the United States reserving all mineral rights under said right of way. United States v. Union Pacific Railroad Co., 353 U.S. 112, 77 S.Ct. 685, 1 L.Ed.2d 693 (1957).

3. Mineral lands are specifically exempted from the grants made by Section 13 of the Act of July 10, 1890 (26 Stat. 222). The term "mineral lands" as used in that Act must be construed to include the mineral rights in the right of way granted to the Union Pacific by Section 2 of the Act of July 1, 1862, as amended by the Act of July 2, 1864, and therefore all mineral rights under the Union Pacific's right of way are exempt-

ed from the grants from the United States to the State of Wyoming.

 4. The State of Wyoming, under the Wyoming Statehood Act of July 10, 1890 (26 Stat. 222), did not acquire any interest in and now has no right, title or interest in that strip of land 400 feet in width granted to Union Pacific's predecessor in interest under the Act of July 1, 1862 (12 Stat. 489), as amended by the Act of July 2, 1864 (13 Stat. 356), for a right of way for the construction and operation of a railroad across Section 16, Township 18 North, and Section 36, Township 19 North, Range 99 West of the 6th P.M., Sweetwater County, Wyoming. The Gulf Oil Corporation, as lessee of the State of Wyoming, did not acquire and does not have any right, title or interest in said strip of land or in the oil and gas therein.

5. Title to all oil and gas underlying said strip of land referred to in Paragraph 4 of the Conclusions of Law is in the United States of America.

6. The order and ruling of the defendant the Secretary of the Interior, acting through his authorized delegate, the Solicitor, dated February 16, 1965 (72 I.D. 76), in Wyoming 0105263 and 085043, is not arbitrary or capricious, does not constitute an abuse of discretion, and is not otherwise contrary to law; and said decision is supported by the facts and the law.

 7. The Secretary of the Interior has the power and authority to issue oil and gas leases covering the oil and gas underlying such right of way pursuant to the Act of May 21, 1930, 46 Stat. 373, 30 U.S.C. § 301 et seq.

8. The action of the Cheyenne Land Office pursuant to the Act of May 21, 1930, supra, to lease the oil and gas deposits underlying the said right of way to Union Pacific was in all respects just, true and correct. Providing, however, that this Conclusion of Law shall not apply to the issuance of United States Oil and Gas Lease Serial No. Wyoming 0105263 to Union Pacific Railroad Company, on May 26, 1965, which matter is now pending on appeal by Gulf Oil Corporation to the United States Department of the Interior.

9. Judgment should be entered in favor of defendants and in favor of intervenor, Union Pacific Railroad Company, and against the plaintiffs, each party to pay its own costs.

Dated this 30th day of June, 1966.