STATE OF WYOMING and Albert E. King, Commissioner of Public Lands, Plaintiffs,

v.

Cecil D. ANDRUS, Secretary, United States Department of the Interior, Defendant.

No. C77–034K.

United States District Court, D. Wyoming.

Sept. 8, 1977.

V. Frank Mendicino, Atty. Gen., Craig Newman and Steve F. Freudenthal, Asst. Attys. Gen. of Wyo., Cheyenne, Wyo., for plaintiffs.

Toshiro Suyematsu, U. S. Atty., for defendant.

## MEMORANDUM OPINION

KERR, District Judge.

The question for decision in this controversy is whether the State of Wyoming can exclude from its patents of school sections lands included within the Union Pacific right-of-way grant by the Act of Congress of July 1, 1862, as amended July 2, 1864 and, by reason of such exclusion, be entitled to make indemnity lieu selections.

On December 10, 1971, the State of Wyoming, through its Commissioner of Public Lands, applied to the Secretary of the Interior for a grant to the State of described lands, or indemnification for the loss of school land over which the Union Pacific traversed. The Wyoming State Office, Bureau of Land Management, rejected the State's application for patents for school land in place, excepting railroad right-of-way, and for school indemnity with railroad right-of-way as base.

From this adverse ruling, the State took an appeal to the Interior Board of Land Appeals. The Board affirmed the decision of the State office and this action followed.

The subject matter with which we are dealing was laid to rest in 1891 by a ruling of the Department of the Interior establishing the policy as to the area covered by a railroad right-of-way. The ruling held:

"No provision is made by law for indemnifying the State in cases where the school section is crossed by railroads, claiming the right-of-way either under the act of March 3, 1875, or by a special grant from Congress . . ." 13 L.D. 454

This decision affecting all public land states has prevailed for 87 years. I have found no cases to the contrary. Indeed, the case at bar raises the issue for the first time since the 1891 decision. There has been universal acceptance of the ruling for over eight decades by the state officials dealing with public lands.

States seeking patents to school sections in place have been required to regard a school section invaded by pre-1871 railroad right-of-way as a full section, and patents have issued reciting simply that the grant is "subject to" the right-of-way of the railroad under the particular granting act.

The laws affecting grants of school sections, 43 U.S.C. §§ 870, 871 (1970), and those

involving school indemnity selections, 43 U.S.C. §§ 851, 852 (1970), were amended in 1932, 1954, 1956, 1958, 1960, and 1966. Congress declined to make any change in the Department's practice of patenting school lands subject to a special grant railroad right-of-way in any of these amendments.

Lands conveyed for a right-of-way by the 1862 Act, as amended, do not constitute lands "otherwise disposed of" within the meaning of the Enabling Act of July 10, 1890, 26 Stat. 222, which granted to the State of Wyoming Sections Sixteen and Thirty-Six in every township as school lands where such Sections, or any parts thereof, had not been sold or otherwise disposed of. Only if these Sections had been "otherwise disposed of" was the State to receive other lands equivalent thereto.

Title to the entire school section vested in the State of Wyoming in 1890, subject to an encumbrance of an easement granted to Union Pacific for a right-of-way and an implied reservation of the minerals underlying the right-of-way to the United States.

The mineral rights in the right-of-way granted to the Union Pacific by Section 2 of the Act of July 1, 1862, as amended by the Act of July 2, 1864, were reserved to the United States. *United States v. Union Pacific Railroad Co.,* 353 U.S. 112, 77 S.Ct. 685, 1 L.Ed.2d 693 (1957).

Mineral lands are specifically exempted from the grants made by Section 13 of the Enabling Act of July 10, 1890, 26 Stat. 222. The term "mineral lands" as used in that Act must be construed to include the mineral rights in the right-of-way granted to the Union Pacific and, therefore, all mineral rights under the Union Pacific's right-of-way are exempted from the grants from the United States to the State of Wyoming. *State of Wyoming v. Udall,* D.C., 255 F.Supp. 481, 484; 379 F.2d 635 (10th Cir. 1967), cert. denied, 389 U.S. 985, 88 S.Ct. 470, 19 L.Ed.2d 479 (1967).

Since mineral rights were exempted in the grants from the United States to the State of Wyoming, a grant of coal and iron within the right-of-way to the Union Pacific functioned as a profit à prendre of the easement and would not constitute a "disposition" of land by the United States as contemplated in the 1890 Enabling Act.

The grant of a right-of-way to the Union Pacific by the Act of 1862, as amended, gave an exclusive use of the surface to the railroad and the utilization of underlying resources solely intended for railroad purposes. Thus, the Union Pacific did not acquire the right to dispose of the right-of-way or the right to use it for other than railroad purposes. *Northern Pacific Ry. Co. v. Townsend,* 190 U.S. 267, 271, 23 S.Ct. 671, 47 L.Ed. 1044 (1903), *United States v. Union Pacific Ry. Co.,* 353 U.S. 112, 114, 77 S.Ct. 685, 1 L.Ed.2d 693 (1957).

Although classified as a "limited fee," the right-of-way grant is an easement. *State of Wyoming v. Udall,* 10 Cir., 379 F.2d 635, 640.

An easement granting exclusive use of the surface grants only a user privilege and not any title or ownership in the land. Therefore, the right-of-way is not land "otherwise disposed of" by the United States. In contradistinction, the school grants were fee grants subject to the encumbrance of a right-of-way easement for the use of a railroad operation, and subject to a reservation of minerals in the United States.

The order and ruling of the Secretary of the Interior, acting through its Interior Board of Land Appeals, is not arbitrary or capricious, nor does it constitute an abuse of discretion; the decision is supported by substantial evidence and is not contrary to law.

An Order will be entered denying the Plaintiffs' Motion for Summary Judgment and sustaining the Defendant's Cross-Motion for Summary Judgment in accordance with this memorandum opinion.